# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-1262** (Monongalia County 13-F-36)

**Randy Cleveland, Defendant Below,
Petitioner**

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Randy Cleveland, by counsel Timothy Gentilozzi, appeals the Circuit Court of Monongalia County's sentencing order entered on December 4, 2013, following his conviction of battery. The State of West Virginia, by counsel Derek Knopp, filed a response. On appeal, petitioner argues the circuit court erred in denying his motion for judgment of acquittal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, petitioner was indicted by the Monongalia County Grand Jury on one count of malicious assault following an altercation outside of a bar. On March 1, 2013, petitioner filed notice of the affirmative defense of self-defense, wherein he admitted that he stabbed the victim twice in self-defense. Following a jury trial in October of 2013, petitioner was convicted of the lesser included offense of misdemeanor battery pursuant to West Virginia Code § 61-2-9(c).[1]

On November 4, 2013, petitioner filed a motion for judgment of acquittal on the ground of an inconsistent jury verdict. Petitioner argues that giving the jury a lesser included instruction on the verdict form led to an inconsistent verdict because it was impossible to be found guilty of battery based upon his affirmative defense of self-defense. By order entered on December 4, 2013, the circuit court denied petitioner's motion for judgment of acquittal and sentenced him to a period of incarceration for one year. This appeal followed.

On appeal, petitioner argues that the circuit court erred in denying his motion for judgment of acquittal because the verdict was inconsistent. In support of his position, petitioner

---

[1]The circuit court instructed the jury on the lesser included offenses of unlawful assault and battery. The circuit court also instructed the jury on the affirmative defense of self-defense.

maintains that it is impossible to be found guilty of the lesser included offense of battery because he was acquitted of malicious assault and the lesser included offense of unlawful assault based on his affirmative defense of self-defense. We disagree.

Upon our review, we find no error in the circuit court's order denying petitioner's motion for judgment of acquittal. This Court has previously held that "'[a]ppellate review of a claim of inconsistent verdicts is not generally available.' *State v. Hall*, 174 W.Va. 599, 328 S.E.2d 206 (1985)." Syl. Pt. 5, *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987). Even if appellate review of a claim of inconsistent verdicts were reviewable, it is clear from a review of the record that the verdict was not inconsistent. The evidence is undisputed that petitioner admitted to stabbing the victim twice.

It is well established that "[o]nce there is sufficient evidence to create a reasonable doubt that the . . . defendant act[ed] in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense." Syl. Pt. 4, *State v. Kirtley,* 162 W.Va. 249, 252 S.E.2d 374 (1978). Furthermore, "'[i]t is peculiarly within the province of the jury to weigh the evidence upon the question of self-defense, and the verdict of a jury adverse to that defense will not be set aside unless it is manifestly against the weight of the evidence.' Syllabus point 5, *State v. McMillion,* 104 W.Va. 1, 138 S.E. 732 (1927)." Syl. Pt. 2, *State v. Whittaker,* 221 W.Va. 117, 650 S.E.2d 216 (2007). Petitioner's argument is based on the unsupported premise that the jury acquitted him of malicious assault and unlawful assault based upon his affirmative defense of self-defense. "The jury is the trier of the fact and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967). *See State v. Clark,* 175 W.Va. 58, 62, 331 S.E.2d 496, 500 (1985) ("We have historically been reluctant to interfere with a jury verdict rejecting a claim of self-defense"). The jury could have concluded that the prosecution rebutted the presumption that petitioner did not act in self-defense, but that the State only proved beyond a reasonable doubt that petitioner was guilty of battery. Therefore, the jury's guilty verdict of battery is not inconsistent with its acquittal of malicious assault and unlawful assault.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2